May it please the Court. Your Honors, I'm Stuart Headley, appearing on behalf of the appellant's Deaton Oil Company with the firm Hopkins, Headley & Castile, Little Rock, Arkansas. Your Honors, Deaton Oil is here today on appeal requesting this Court reverse the Western District's dismissal of Deaton Oil's complaint which is seeking a refund of an abatement of tax penalties. So you're Mr. Modell? Stuart Headley. Frank Stuart Headley. Okay, I'm sorry. I knew I'd see you on here somewhere. I tried the other two, so I've got it. Mr. Headley. You got me now. So we're here on the Western District's order dismissing Deaton Oil's complaints that sought a refund and abatement of tax penalties and interests that were assessed against Deaton and paid by Deaton for failure to timely file returns and timely pay 940 and 941 employment taxes. Those penalties and interest totals $203,000 and some change. $203,000 and some change. The basis for Deaton's claim for refund is that Deaton's failures to timely file and pay those taxes were due to reasonable cause and not due to willful neglect on the part of Deaton Oil. The United States did not raise the issue of willful neglect, one of the two prongs that must be shown by a taxpayer in the district court's order dismissing the complaint focused solely on the issue of reasonable cause. Counsel, it seems that the precedents interpreting what reasonable cause is create a pretty strong standard for reasonable cause that seems to belie the simplicity of the language. So if you would explain to us why under the controlling precedents here what occurred with the accountant and with the male fees are in the office led or is a justification for non-payment of the penalties. Absolutely. The starting with the order of dismissal it was based solely on the US v. Boyle and its progeny which stands for the position that you can't rely your reliance on an agent to timely file and remit taxes that doesn't serve as reasonable cause when that agent fails to do so. In this case while that happened the agent Mr. Rather who was the operations manager tasked with the duty to remit the quarterly payments, file the returns and make those deposits while he didn't do that and as fallen under US v. Boyle he was he was the agent that failed to do that. It goes a step further than that. He additionally wrongfully concealed the fact from the company from Jack Beaver who's the owner of the LLC. He intercepted notices from the IRS on multiple occasions and went above and outside. Now wait a minute. If he was responsible for the relations of the corporation to IRS what do you mean he intercepted communications and wrongfully concealed? I don't understand what that adds to failing his duty to the corporation and the corporation's duty to the government to file returns and pay taxes. Correct your honor. What's this affirmative wrongdoing that certainly wasn't criminal? What was even tortious about it? He received the notices and did not report them to his higher-ups. He destroyed them and then he later on... I thought he was the higher-up with respect to taxes. With respect to the processing the payroll taxes and remitting the payments. So what's the citation in the record to his duty within the corporation to report to do this reporting? In the record it shows that he later under when he was appealing an unemployment determination he denied actually ever receiving the notices from the IRS and that he had no contact with the IRS agent revenue officer Jones. This is after the fact right? After the fact when he denied ever having those contacts. That wasn't a breach of agency duty at the time. This was an unfortunate attempt to cover up. Yes your honor. He was essentially denying all prior. I don't think that gets you anywhere under a boil. And during the time period the notices were addressed to Deaton Oil Company attention Jack Beavert the owner. They were not only when it was sent to Mr. Beavert's personal address in March of 2014 did Mr. Beavert actually ever receive notice that there had been no employment taxes returns filed or paid since the second quarter of 2010. And during that time period we come to find it was later discovered that Mr. Beavert or excuse me Mr. Rather had actually ongoing settlement discussions and outside of his authority was representing himself as a officer or member by submitting a form 433B as part of an offer and compromise with revenue officer Jones which he later underwrote during that hearing testimony denied ever having. What's your best case of an analogous official in a corporation their misdeeds constituting good reason or well the the cases your honor are far and few between what they do the one case that does find reasonable cause where the officers of the company have essentially their bad acts and malfeasance and criminal actions have basically disabled the company is the American biomaterials case and this case is similar and in line with that case because it essentially disabled and took all ability for the LLC in this case to control its legal analysis is not so good because it seems to say that this is entirely a question of a parent authority. Mr. Rather clearly had a that that would be an issue of fact I again that I think the one of the main issues that we have here on appeal is that this was on a rule 12b6 motion and whether or not the facts as alleged when taken as true do sufficiently alleged elements of reasonable cause what about this notion of incapacitation yes the to me that the cases they are few and far between but the only ones that are favorable on this particular issue not leaving aside that the accountant aspect of it yes your are incapacitation where the incapacitators were embezzlers that's how do you how do you apply that and if it has to be incapacitation in this particular case did that happen here and simply by walling off the notices received from the IRS and keeping from those who are needing to know that being Jack Beaver at the owner of the company the true nature of the of the dire situation of the company's tax status with the IRS there was there any evidence of inability to pay which the embezzlers caused in that was that seven circuit case for those added biomaterials on the inability to pay issue in this case it was that was the taxes were the trust fund portion at were paid immediately by Mr. Beaver I'd in all candor I don't know if those were from a influx of his own personal funds or company monies but again that would I believe that would go towards an issue of fact needing to be determined upon the evidence let's talk about that the question of fact this is a 12 b6 dismissal always concern what authority is there as to whether this is a question of fact I'm sure Boyle I'm sure Boyle doesn't say because the Supreme Court never never gets down to that level of detail so what makes this a question of fact as opposed to one of law well the question of fact as to go again to the account issue there's any case address that question yes you're yes your honor that a state of their on that's cited in our brief it's it specifically says that that the district court that did not rule on taxpayers reliance on the advice of an expert whether that advice relates to a sensitive question of tax law or identifying the correct deadline excuse me that's referring to the the Boyle case it says our case is one of the failure of expert advice not at least on the record before the failure of agent task completion thus the estate has the right to make if it can the showings required to avoid late payment penalties I'm having awful trouble hearing you here yes what is the name of that case I'm having trouble hearing it's a state of their own th o u r o n and it's in its quoted in our brief where the third circuit stated because there's at least a genuine disputed material fact as to whether that reliance occurred here it remains for this is in a situation where there was a reliance on tax expert advices well I believe that's that's a I thought the facts here was undisputed that the accountant just relied on what rather told him he didn't there was a nobody asked that accounted for advice nobody asked the the accountant didn't give any advice as a accountant the accountant just didn't verify whether the taxes had been actually filed and paid that's that's an act an accurate summation so why is that a fact well the the company engaged the CPA to to basically make it make a determination that it's not just what the expert what he did in correct what he did and what he didn't do but what what the company was relying on him for was to make it that determination as to whether there was any tax liability out that an agent would do his duty well that an agent would do his duty and that in doing that duty it's not just merely a task oriented ministerial duty of whether it's filed okay I was going to ask you what give me the accountants advice here that wasn't simply the ministerial duty of making sure the corporate official responsible to pay taxes and file returns did it that would be part of what in his determination give me the advice whether I believe that's a another question of fact which is also in in there are brief sided with the state of lifting as far as the scope of the advice in the scope of the representation of the of the tax expert in this case it was the tax accountants duty or job under engagement to make a determination as to tax liability I think that goes further than I know I is that a material fact we're in the record do we go for your presentation to the district court that this scope of the accountants duty is a material fact did you did you argue that and I suspect not and we I don't believe that was specifically so you we can't just invent that well that look this looks like a ministerial duty of an accountant which is I've I've examined the books is is representational be that the books the book show the taxes were paid it was argued to the district court that that was that was a basis for reasonable grounds and it but that fails under thorough I'm sorry my fault there and won't help you if those are the facts and I believe that that there's a question of fact as to what the scope of that advice from the tax but there there wasn't a showing that it's a material fact here under Theron that's the point that's why I think that's why I think I think the only your only hook here is the incapacitation question and what that means and is it a question of fact which they're on does not decide that's correct your honor I have a case unless you unless one of you is hiding it where where an inside employee with the ultimate duty of paying taxes failed in that duty and the question was was that incapacitating because he was the top of top chain in the ladder even though he wasn't an embezzler and he didn't he didn't rob the store so the company couldn't pay where his was his lack of effort for which he was solely responsible and incapacitating event I don't think you've got a case I don't think you've got a case that says that's a question of fact and that's what we have to decide in that I believe this case goes a step further than than those facts simply with the what's the step with the with the intercepting of the IRS communications in his attempts to cover up and essentially wall off the district court was that that that the normal practice within the company was if a if a male came directed to the attention of Mr. Deaver it went to Mr. Deaver and not to his responsible underling you're telling me that's in the record I kind of doubt it no what's in the record is that it was Mr. Mr. Rather's job duties to get the mail each day and and and the mailroom understood whether the whether the IRS notice said care of or attention Deaver it went to rather right he was the one that that picked up that picked up the mail and and the mail essentially went to his was there was there showing that he somehow miss miss miss interfered with the normal what the normal corporate practice would have been yes after the fact as I referenced earlier when he's came after after it's all hit the fan and he's covering up but that that that isn't the contemporaneous evidence you need I believe that it is his testimony in that hearing as to what he did previously is is indicative of outside the norm practices so I see my time's up so I think in that here where do we find that hearing testimony on the record I haven't studied the record that it's exhibit W to the complaint and it's in the joint appendix that again yet exhibit what I've got it read down here it's exhibit W to our complaint and it's joint appendix 0 1 3 8 thank you thank you thank you Mr. Hutter good morning may it please the court Randolph Hutter for the United States your honor's the complaint that was filed in this case listed stated extremely bare-bones allegations and the district court was correct to dismiss it under a motion 12 be under 12 b6 I don't know why you have to why you have to with the sort of specificity that might be required of a price-fixing complaint well you have to like pleading negligence in that no no your honor that's you can't the Supreme Court has said you can't just make conclusions of a fact and conclusions of law and state them as fact you can't just say someone's guilty of negligence and we're in Boyle are you talking yes that is that's in and they say that you have to out allege facts I know it has to be plausible plausible but a plausible a plausible allegation of negligence is a little less than a little less dramatic than a plausible allegation of price-fixing what the cases say is that there has to be a plausible argument that you have a claim for relief your your your claim for relief has to be plausible your allegations are necessarily plausible you accept them for the truth that they state that they're true but you have to have your your claim for relief has to be more than a sheer possibility that's quoting from Iqbal get there they have to be allow the court to draw a reasonable inference that the defendant is actually liable for the conduct conduct that the plaintiff has charged you can't just state the defendant was negligent and therefore we have survived to 12b6 motion you have to state some facts showing that here's why there was negligence and this court in the case of bargain refund suit is basically you've got the defendant being the plaintiff yes he doesn't have an affirmative claim against against the United States he's got a claim that he had a defense to the taxes that that he paid and sued to recover right and it's a little different before yes it is before Iqbal and Twombly those cases you had basically a situation where into 12b6 you had to state for a refund I paid the tax I filed a claim for refund the IRS said no I've met all my statutory timelines here's my complaint I should I should proceed with discovery and be able to try to have a refund claim here after Iqbal and Twombly you have to state facts that show that you get to discover what's your what's your best post Iqbal refund suit authority for this in the circuit courts I haven't I don't know that I have a refund case exactly that's what I want but Boyle and McMahon and they were decided on similar facts to this as 12b6 and those are listed on page I believe it's 16 of our brief and those cases are all district court cases well once a federal court of claims case pediatric affiliates from the District of New Jersey just wait a minute because I'm trying to get my hands around your Iqbal changed the rules for the completing of a complaint in a tax refund case I haven't got a case for that your honor I have so you asserted it but it's without authority I believe that it's true I certainly believe that I don't think I don't think it's particularly plausible to use Iqbal's famous words I don't I don't know that Iqbal has much impact on on a refund suit pleading well when you've stated facts in your complaint I know you can give me the concepts but an it a refund suit is is what lies behind every refund suit is typically a huge IRS taxpayer appellate process file yes and everybody knows that but all their arguments are legal and what if you've got three cases that say under the facts you've alleged you haven't got a legal case then that that's our position under Boyle and then you come in then you come in on the motion and you say that but that's not an Iqbal argument that's a tax law argument well our authority was was Boyle but we also cited I believe Iqbal and Twombly for stating the standard for under 12b6 but to me you got to argue Thuron and biomaterials at the 12b6 stage well they didn't even make allegations that the case was similar to Thuron didn't they plead reasonable cost yes they stated but they didn't plead that they got a professional or tax expert advice from anyone I'm not worried well then that's the only way you get to Thuron no it's not I'm focused on rather yes I think the accountant was not an advisor no he was not an advisor he was an agent absolutely but rather wasn't was an incapacitating higher-up rather taking this plaintiff's strongest view of the case rather was the operations manager for the company Beavert was the owner there are only 30 employees in this company and we don't know anybody supervising rather except Beavert those are the only two individuals mentioned in the complaint and Beavert could have checked on rather any day they allege in their complaint they they paid their taxes for 20 years let's go to summary judgment or trial and and and have that out that's you just talk we can do that yes and the facts they allege don't get beyond a statement that that we relied on an agent and therefore we should not be liable for these penalties and Boyle says no I'm sorry well I don't reliance on that agent is not good enough you're liable for the penalties so does Valen manufacturing so does Conklin brothers cases involving embezzlement cases involving facts with more allegations than this here of bad conduct in Valen manufacturing you had four levels of checks and balances and the court still said that's not enough so you're still liable for the penalties so my question or our position is that they have stated facts bare-bone facts under which they have no legal cause of action at all there's no plausible cause of action and in the words of this court in the Benson vs. Merrill Lynch course that case that we cited that reveals the law reveals an insuperable bar to relief for them because under the law they have not stated facts that what did you do what what did you just quote for insuperable bar Benton vs. Merrill Lynch 524 F 3rd 866 also regarding the CPA allegations that they make in their complaint again those are just as judge Logan pointed out earlier the CPA function was still again ministerial actions just their only job was to check on whether the office manager had operations manager had done his duty they were not relied on for any kind of tax advice or expert advice that's can't get any further under boiler or cases like that this case is not like I'm sorry this case is not like biomaterials the case where the CEO and the CFO of the corporation were the two individuals who were doing the non payment of the taxes there was well the court said there was a disability of the government argued and I think the government still would argue that the corporation would still have liability there was a board of directors can ask you did it does the government agree with the analysis and biomaterials we do not agree with the analysis or the result in biomaterials we find it particularly strange that the court went into tortuous and tortuous liability to find what it did but among other things every operator in the corporation has some oversight and the Court of Appeals I mean the Supreme Court and Boyle seem to say that this was a non-delegable duty even with the even with the bad guys not only not paying the taxes but bankrupting the company the government still disagrees with the result well your bankruptcy claim for the penalties should have been allowed in full if they're non-payment pretty strong what we're what we're not happy about is that it wasn't shown that their non-payment of the taxes caused the bankruptcy or that the bankruptcy couldn't you know there was no connection here that they still might have been able to pay the their corporation still should have been liable for the penalties it is a strong position about that I'm just thinking of the unsecured creditors and yes yes yes there were there there additional facts we're over that case your honor no maybe we're not but I was writing something else what was your answer to judge Logan's earlier best case question what is it what was your well I don't have I have three cases but the one you cited to judge Logan I in fact you gave the citation to oh I'm sorry that was the Benton vs. Merrill Lynch case where the court stated the insuperable bar to relief and that's in your brief theorizing yes I think it is if there's an insuperable bar to relief then you don't survive a 12b6 motion okay and that's what I believe we have I think I think we have a legal insuperable bar you'd to the related but it wasn't that third because it's an Eastern District of Arkansas according to your table of authority I'm sorry what did I Benton is definitely an Eighth Circuit case well it's Eastern Arkansas it's only a Westlaw site in your table of authorities I'm just oh I may have I it may be that we didn't cite that case in our brief I gave you the full site I'm very sorry if it did didn't show up in our brief I thought it did the full site is 524 f3rd 866 so that affirmed the the district court decisions at your table of authorities probably that could be although that my site says versus Merrill Lynch and the table of authorities says versus United States yeah so that doesn't drive well we'll try you I apologize you could put in a 28 J letter to clarify if but we'll sort it out all right thank you very much if the court has no other questions I will I would I have one thing that that hasn't come up this morning but the the variance doctrine yes is argued in your brief that was that raised to the district court it was not okay because it seems to me if that's raised to the district court then what's in the reply brief comes back and says wait a minute we we aren't really doing a very okay it was not raised in the district court thank you very much your honor I'll rest at that thank you mr. Hutter mr. Hedley have any time remaining mr. Hedley did you have something just burning from that you've heard that you feel in fairness you need to disclose court thank you and I'll be brief I just I think it's important to point out that the number of the cases that the United States relies upon as far as determining what's reasonable cause and what's not was determined at the summary judgment level or beyond that the valid manufacturing cases a the balls trucking was an appeal following a jury trial the Conklin brothers case was on summary judgment United States v. Boyle was involved in appeal from summary judgment I think that it's an important distinction to make that in those particular cases they had at least let the taxpayer put on their evidence and make a showing beyond the pleadings stage so that's all I had to offer if anyone has any questions I'd be glad to answer thank you mr. Hedley thank you court wishes to thank both counsel for the argument you provided to the court this morning the briefings which you've submitted will take your case under advisement